{¶ 120} I concur with Judge Boggins as to the analysis and disposition of the third and fourth assignments of error.
 {¶ 121} I concur with Judge Boggins as to the disposition of the first and second assignments of error. Since I am not clear as to what the analysis of Judge Boggins means regarding the first assignment of error, I will explain my concurrence by way of a separate analysis. I find that R.C. Section 2925.05(A)(2) requires the state to prove that the person who is providing the money to buy the drugs has the purpose to sell the drugs and the state must prove that that person has the purpose to sell at least 200 grams (approximately 7 ounces) of the drugs. I do not think the state has to prove that the person providing the money to buy the drugs has the purpose to make individual sales of at least 200 grams per sale. My interpretation of the statute is not reflected in the language of the indictment but I do not find that the indictment is fatally flawed. The indictment does set forth the statute number of 2925.05(A)(2).
 {¶ 122} Regarding the second assignment of error, I provide further analysis also. There was evidence that Bryan and Joey were involved in this together. Either could have been charged as the principal offender. In addition, Bryan admitted in his testimony that he made money from selling marijuana. And, when asked how big of a marijuana operation he ran, he said, "It was a couple of pounds here, couple pounds there." Tr. at 211.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellants.